[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Seoul, South Korea on November 25, 1965. The plaintiff has resided continuously in Connecticut for approximately two years. There are two children of the parties, both of whom have reached majority. The evidence indicates the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 52, is employed as a plumber by the City University of New York. Although the plaintiff indicated various medical problems, he has been able to work on a regular basis. CT Page 11539
The defendant, age 53, has been a homemaker during the marriage and has worked from time to time. Employment opportunities are restricted for her because of her limitations with reading and writing the english language.
The plaintiff complains that this has been an unhappy marriage from the beginning. He portrays himself as being a martyr both in marrying the defendant and in sticking it out for almost thirty years. The evidence indicates, however, that the plaintiff must bear a major responsibility for the breakdown of this relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes §§ 46b-81, 46b-82 and 46b-62 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The plaintiff shall pay to the defendant as periodic alimony the sum of three hundred ($300.00) dollars per week. The payments shall commence on November 28, 1994 and weekly thereafter, in advance, until the death of either party or the defendant's remarriage, whichever event first occurs.
2. The court finds that, as of November 15, 1994, the plaintiff owes an arrearage of $6,380.00 on the alimony pendente lite order. The plaintiff shall pay the sum of $2,500.00 by December 31, 1994, and the balance of $3,880.00 at the rate of $50.00 per week, commencing November 28, 1994 and weekly thereafter until paid in full.
An immediate wage withholding order may enter to include the weekly order of alimony and the arrearage payment, in the total amount of $350.00 per week.
3. As partial security for the plaintiff's obligation to pay alimony, the plaintiff shall name the defendant beneficiary of life insurance on the life of the plaintiff in the amount of $50,000.00, for as long as the plaintiff is required to pay periodic alimony. The plaintiff shall furnish proof of such coverage to the defendant on an annual basis.
4. Each party is awarded the assets listed on his or her financial affidavit.
5. The defendant shall be solely responsible for the CT Page 11540 liabilities listed on his financial affidavit dated November 15, 1994 and the medical bills listed on the defendant's financial affidavit dated November 15, 1994. (Montefiore, Dr. Ragins and Metpath). The plaintiff shall indemnify and hold harmless the defendant from any liability thereon.
6. The defendant shall be solely responsible for the payment of the personal loans listed as liabilities on her financial affidavit.
7. In accordance with the agreement of the parties, the court orders that the parties file joint federal, state and local income tax returns for the years 1989 through and including 1993. Any tax refunds shall be the property of the plaintiff and any tax liability including interest and penalties shall be the sole responsibility of the plaintiff. The plaintiff shall indemnify and hold harmless the defendant from any liability thereon.
8. The plaintiff shall pay to the defendant as a contribution towards attorney's fees and costs the sum of thirty-five hundred ($3,500.00) dollars. This amount shall be paid by December 31, 1994. This payment is intended to be in the nature of support for the defendant.
Judgment may enter accordingly.
NOVACK, J.